21943. TINSLEY *v.* COMMERCIAL CREDIT COMPANY.

DECIDED JUNE 14, 1932.

*M. F. Adams,* for plaintiff in error. *Noel P. Park,* contra.

LUKE, J. Plaintiff brought a bail-trover suit for "one Ford truck" the motor number of which was 11,637,685. Defendant answered that "He has not in his possession, and never has had, one Ford truck, motor No. 11,637,685, . . but defendant has in his possession a certain Ford touring car bearing the said number." In an agreed statement of facts it is said: "that the value of this motor in and of itself at the time suit was filed was $55.00; that if plaintiff is entitled to recover at all, it will be limited to

$55.00 with 8% interest per annum on same from date of filing of suit. The sole question for determination by the court is, therefore, this: Can the plaintiff be allowed to recover in this suit for the value of the motor No. 11637685, separate and apart from the truck described in the petition?" The trial judge, who passed upon the case without the intervention of a jury, rendered judgment in favor of the plaintiff for $55 with interest at 8% from the date of the filing of the suit, this being the value of the motor; and to this judgment the defendant excepted.

The suit was not for a motor, but was for a truck. The motor number was merely descriptive of the truck. Plaintiff admits that it erroneously sued for the wrong vehicle, and that if it can recover at all, it would be for the value of the motor only. In other words, the plaintiff admits that it can not recover the touring car, but seeks to recover a part of the touring car. Plaintiff can not sue for a truck and recover a touring car; nor can it sue for a truck and recover the value of a motor which is no part of the truck for which suit was filed. The issue before us is not whether the defendant owes the money in question, or how the plaintiff happened to make the mistake and sue for the wrong vehicle. However these things may be, they can not change the broad principle that on a bail-trover suit for one vehicle, the plaintiff can not recover an entirely different vehicle or any part thereof. Had the defendant delivered to the officer the touring car, he could not have lawfully accepted it; and had the defendant been incarcerated in jail for failure to deliver the touring car or give bond, he could not have been lawfully detained. The motor was a vital part of the touring car, while the petition averred that it was a part of the truck; and we know of no law which would authorize the officer to dismantle or dismember the touring car to which no reference was made in the bail-trover suit.

It is clear that the plaintiff, having described a truck, could not recover a touring car; and if the plaintiff could not recover the touring car, it certainly could not recover any part of the touring car. The court erred in rendering judgment for the plaintiff.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*